IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIM REED,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.

OPINION & ORDER

17-cv-197-jdp

---

Plaintiff Tim Reed seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court heard oral argument on October 26, 2017. For reasons explained during oral argument and summarized here, the court will deny Reed's motion for summary judgment and affirm the Commissioner's decision.

The administrative law judge thoroughly assessed the record, and substantial medical evidence supports the ALJ's conclusions.

## A. Concentration, persistence, and pace

Reed contends that the ALJ's hypothetical for the vocational expert did not address his limitations in concentration, persistence, and pace. The ALJ concluded that Reed had moderate CPP limitations because of Reed's reading disorder, and matched his hypothetical to that particular limitation. Reed has not shown that the ALJ's hypothetical requires remand.

An ALJ's hypothetical for a vocational expert "must incorporate all of the claimant's limitations supported by the medical record," *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Here, the limitation supported by the medical record is Reed's reading disorder, as indicated

by a consultative examiner on April 23, 2014 (R. 313), July 9, 2015 (R. 471), and July 15, 2015 (R. 472).[1]

Here is the ALJ's hypothetical:

> I would like you to assume a sixth grade education . . . . [The hypothetical worker] would be limited to unskilled work involving simple routine and repetitive tasks that do not require reading to learn so tasks that could be learned by demonstration and verbally. He should not work at any fast paced production line tasks.

R. 58–59. The court questioned the parties during oral argument whether this hypothetical fully captures the deficiencies in Reed's ability to read. Even if a job could be taught by demonstration, performing the job could conceivably require reading. As counsel for the Commissioner pointed out, the ALJ's hypothetical restricted potential jobs to those requiring at most a sixth grade education, so it is unlikely that they would require sophisticated reading. And the jobs proposed by the vocational expert, a sweeper, housekeeper, order filler, and packer, require only modest language abilities.

Reed has not shown that his reading disorder is so severe that he cannot perform the jobs proposed by the vocational expert. In his brief, he relied on the April 23, 2014 opinion of a consultative examiner, but that opinion says, "Mr. Reed's cognitive profile is stable and there should be no further changes. Many individuals cope fairly well with reading, reading comprehension, and math capabilities as evidenced by Mr. Reed." R. 313.

Reed contends that he also has general slowness in processing information. He again relies on the April 23, 2014 opinion of the consultative examiner, who noted that Reed's "working memory and processing speed are both below borderline level" and that his IQ was

---

[1] Record cites are to the administrative transcript, located at Dkt. 6.

89 (low average range)." R. 312. Reed contends that this means he suffers from a general slowness in processing information, which would result in his working at an unacceptably slow pace. But the evidence does not support this theory. The consultative examiner's diagnosis was that Reed had a reading disorder, R. 313; he did not diagnose Reed with generalized slowness in processing information. The examiner also opined that "Reed is able to understand, remember, and carry out simple instructions, I would anticipate that he should be able to withstand routine work stresses and adapt to changes on the job." R. 313.

Reed relies heavily on the fact that it took him eight hours to complete a nine-page function report. R. 272. But the ALJ recognized Reed's reading problem and accounted for it in the hypothetical and the RFC. The court concludes that the ALJ properly identified Reed's specific problems in maintaining concentration, persistence or pace, and appropriately accounted for them in the hypothetical for the vocational expert.

## B. Obesity

Reed contends that the ALJ should have considered the combined effects of obesity in conjunction with his other impairments. He argues that obesity *could* worsen musculoskeletal impairments, degenerative disc disease, and arthritis.[2] The ALJ stated that he "considered the claimant's weight, alone and in combination with his other impairments." R. 22.

An ALJ's "failure to explicitly consider the effects of obesity may be harmless error" when the ALJ "adopt[s] 'the limitations suggested by the specialists and reviewing doctors' who were aware of the condition." *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006)

---

[2] His annual examinations identified no issue related to obesity or how obesity affected his other impairments. *See, e.g.*, R. 430–33. And at one point, Reed even denied having arthritis. R. 432.

(quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004))). Here, the ALJ considered medical source opinions on physical impairments and adopted limitations from those sources. *See* R. 25–27, 31–32. Those medical sources assessed Reed's physically functions, and they knew of Reed's obesity. Reed has not identified any evidence in the record that calls for a separate or more extended analysis of his obesity.

## ORDER

IT IS ORDERED that:

1. The decision of Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Tim Reed's application for disability insurance benefits and supplemental security income is AFFIRMED.

2. Plaintiff's appeal is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered October 30, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge